# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT
# OF MICHIGAN

CHRISTOPHER PINKARD 466763
PARNALL CORRECTIONAL FACILITY
1780 E. PARNALL ST.
JACKSON, MI 49201

*Plaintiff,*

*v.*

|  |
|---|
| Case: 2:22-cv-11845 |
| Judge: Hood, Denise Page |
| MJ: Patti, Anthony P. |
| Filed: 08-08-2022 |
| PRIS PINKARD VS. SUDHIR (DP) |

BHAMUNI SUDHIR,
IN HER INDIVIDUAL CAPACITY
AS A MEDICAL DOCTOR
FOR PARNALL CORRECTIONAL FACILITY

*Defendant.*

_____/

## JURY TRIAL DEMANDED

NOW COMES, Cristopher Pinkard, Plaintiff, and for his complaint states the following:

## I.    COMPLAINT

1.  This is Christopher Pinkard's §1983 civil suit seeking punitive and compensatory

    damages.  Plaintiff avers that while confined and housed at Parnall correctional

    facility (SMT), defendant Bhamuni Sudhir, the plaintiff's health care provider,

    became deliberately indifferent to plaintiff's health and safety when in spite of the

    plaintiffs well documented history of severe wool allergies and asthma, failed to treat

    and provide Plaintiff with special accommodations, that would limit his exposure to

    woolen items, such as blankets.  Defendant's disregard and negligence is a direct

1

violation of the cruel and unusual punishment clause of the eighth amendment of Constitution the United States.

2. Defendant Sudhir's actions in both delaying and failing to treat Mr. Pinkard resulted in Plaintiff suffering severe breathing complications, continuous shortness of breath, anxiety attacks, psychological distress and other pecuniary losses not yet ascertained.

3. Plaintiff maintains that the deprivations of his constitutional rights were carried out by defendant Sudhir acting under the color of State law, that defendant Sudhir, knowingly caused Plaintiff Pinkard to be deprived of his constitutional rights.

## II.  JURISDICTION AND VENUE

4. This action arises and is brought pursuant to 42 USC §1983, to remedy the deprivations under color of state law of rights guaranteed by the eight amendment of the United States Constitution.  This court has jurisdiction over this action pursuant to 28 USC §§1331 (1) and 1343.

5. This cause of action arose in the Eastern District of Michigan; therefore, venue is proper under 28 USC §1367.

## III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff maintains that all available remedies has been exhausted as it relates to all claims raised herein.

## IV.  PREVIOUS LAWSUITS

7. *Pinkard v. Artis, Case No.* _____ United States District Court for The Eastern District of Michigan.  Pending.

2

8. *Pinkard v. Dobe, Case No.* _____United States District Court for The Eastern District of
   Michigan.  Pending.

9. *Pinkard v. Bray, Case No.* _____United States District Court for The Eastern District of
   Michigan.  Pending.

## V.  THE PARTIES

10. Plaintiff Christopher Pinkard is and was at all relevant times mentioned herein an
    adult citizen of the United States, a resident of the State of Michigan, and is currently
    incarcerated at Parnall Correctional Facility Located at: 1780 East Parnall Rd.
    Jackson, Mi. 49201.

11. Defendant Bhamuni is sued in her individual capacity as a medical doctor stationed
    at Parnall Correctional Facility.  Defendant is and was at all relevant times mentioned
    herein an adult citizen of the United States and a resident of the State of Michigan.
    On information and belief, defendant Sudhir was endowed with the responsibility
    concerning the overall care of patients assigned to her at Parnall Correctional, i.e.,
    comprehensive and adequate treatment.  Defendant is located at: 1780 East Parnall
    Rd. Jackson, Mi. 49201.

## VI.  STATEMENT OF FACTS

12. Plaintiff is a severe asthmatic, who has had asthma since childhood.  Plaintiff also
    suffers from a wool allergy that triggers his asthma and causes him shortness of
    breath and an inability to sleep, as well as chest pains and swelling of the eyes.

13. On April 19, 2022, Plaintiff was seen by defendant Sudhir.  During that visit, plaintiff

produced medical records reflecting his lifelong asthma and wool allergy. Defendant

Sudhir disregarded Pinkard's medical documents and refused to issue him a special

accommodation to protect plaintiff from having contact with woolen products. (See

Michigan department of Corrections –Bureau of Health Care Services Treatment

Plan/review Chart).

14. From 4/5/22 to 6/1/22, plaintiff was forced to bunk in close proximity to woolen

   blankets which covered the bunks of the five other cellmates occupying his housing

   cube, causing him to suffer breathing complications and chest pains and swelling of

   the eye's and throat, without any relief.

15. On 6/1/22, Plaintiff was finally given a cotton blanket after having unnecessarily

   suffered for almost two full months. "When prison officials are aware of a prisoners

   obvious and serious need for medical treatment and delay medical treatment of that

   condition for non-medical reasons, their conduct in causing the delay creates the

   constitutional infirmity". (See, _Blackmore v. Kalamazoo county, 390 F. 3d. 890 (6th_

   _Cir. 2004))._

16. Since 4/5/22 to 6/1/22, Plaintiff has been forced to bunk with wool and inhale wool,

   and endure lack of sleep, tightening of the chest, reddening of the eyes, continuous

   asthma attacks, and non-stop pain, due to the defendant's failure to issue a special

   accommodation to protect the plaintiff from coming into contact with wool, even

   amidst such well documentation of said allergies and medical complications. If a

   prisoner wants to establish deliberate indifference, he can present "evidence showing

   that the substantial risk . . . was long standing . . . and well documented, or expressly

noted by officials in the past."  (See *Farmer v. Brennan, 511 US 825 (1994)).*

17. "A medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment".  (See, *Richmond v. Hug 885 F. 3d 928, 938 (6th Cir. 2018)).*

## VII.   CLAIMS FOR RELEIF

18. Plaintiff incorporates by reference Paragraph's 1—17 as if fully stated herein.

CLAIM 1.  Deliberate Indifference/Failure to treat

19. By virtue of the foregoing, defendant Sudhir became deliberately indifferent to plaintiff's health and safety when she failed to order and or give proper treatment with documented evidence of said need being presented to her in violation of the cruel and unusual punishment of the eighth amendment of the United States Constitution.

## VIII.   RELIEF REQUESTED

**WHEREFORE,** Plaintiff humbly requests the following relief:

**A.**   Award plaintiff punitive damages in the amount of $300.000 against defendant.

**B.**   Award plaintiff compensatory damages in the amount of $500.000 against defendant Sudhir.

**C.**   Order any other relief this court deems just and in the interest of justice.

## VERIFICATION OF COMPLAINT

I, CHRISTOPHER PINKARD, DECLARE AND STATE UNDER PENALTY OF

PERJURY, THAT EVERYTHING STATED HEREIN THIS COMPLAINT IS TRUE

AND CORRECT PURSUANT TO 28 USC §1746.

Executed On: *August 2, 2022*                    Respectfully Submitted,


                                                 /s/ *Chrtpher Bihl*
                                                 Christopher Pinkard #466163
                                                 Parnall Correctional facility
                                                 1780 East Parnall Rd.
                                                 Jackson, Mi. 49201

6

This better is for the Exhibits and the order in which they follow for my complaint.

Plaintiff Christopher Pinkard #466763      August 2, 2022

Facts are Highlighted Blue

I have Eleven exhibits in number order for the courts as Legal Documents to futhermore prove my Complaint, and to futher show that this is a form of retaliation from case, Christopher Pinkard #466763 v. Michelle Bray Civil No. 1:22-cv-410, Hon. Ray Kent, in the Western District of Michigan Southern Division, still pending. I'm going through the same situation here at Parnall Correctional facility that I was at Brooks Correctional facility, that is why the amount I'm requesting is high. Exhibit 1 Healthcare Documents, Exhibit 2 Medical complaint, Exhibit 3 Accommodations not met, Exhibit 4 Grievance Filed and rejected, Exhibit 5 Grievance rejection Notice, Exhibit 6 Grievance receipt, Exhibit 7 Step two Grievance, Exhibit 8 Grievance step two receipt, Exhibit 9 MD Sudhir Administrative Note contradicting Exhibit 2 RN Huff's documented notes, Exhibit 10 Step two grievance Response, Exhibit 11 Step three grievance response front and back of page Labeled Exhibit 11. Furthermore with my Complaint and these Exhibits should prove my case and show no grounds for Qualified or Sovereign Immunity base upon how I filed suit and the Knowledge MD Sudhir title holds.

I declare under penalty of perjury that the above information and exhibits is true and understand that a false statement may result in a dismissal of

my claims.

Date: August 2, 2022

/s/ Christopher Pinkard

Print Christopher Pinkard

Exhibit #1

MICHIGAN DEPARTMENT OF CORRECTIONS

# MICHIGAN DEPARTMENT OF CORRECTIONS - BUREAU OF HEALTH CARE SERVICES

**PATIENT:** CHRISTOPHER PINKARD
**DATE OF BIRTH:** 08/15/1985
**DATE:** 05/13/2019 11:19 AM
**VISIT TYPE:** Treatment Plan/Review

---

**Voluntary/Involuntary Status**

| Status Date | Status | Comment |
|---|---|---|
| 11/17/2016 | voluntary | Signed Consent: PRF / OPT |
| 03/25/2014 | voluntary | Signed Consent: PRF / OPT |

**Medical/Surgical History**

| Condition | Year | Management | Year | Outcome |
|---|---|---|---|---|
| Asthma | child | | | |
| Cuboid Fx | 2012 | | | Pain; hardware removal (2017) |
| Cuneiform Fx | 2012 | | | |
| Navicular Fx | 2012 | | | |
| PTSD, bipolar d/o, 'schizo.' per 10/24/17 intake form | | | | |
| Reports intolerance to pork w/ dyspepsia & other Gi issues | | | | |
| Rt. Metatarsal Fx | 2012 | | | |
| Seizure / Convulsions | 2014 | | 2014 | Resolved from Problem List |
| Tib-Fib Fx | 2012 | Intramedullary Rod | | |

*On medication for Seizures currently, issue not resolved, Last Seizure was November 8, 2021*

**Allergies**

| Description | Reaction |
|---|---|
| Shellfish | |
| Iodine | |
| Iodine | Anaphylaxis |
| Codeine | Anaphylaxis |
| Codeine | Anaphylaxis |
| Iodine | Anaphylaxis |
| Codeine | |
| Iodine | Anaphylaxis |
| Codeine | Anaphylaxis |
| Wool | Breathing Difficulties |

**Clinical Assessment**

**Axis I and Axis II:**
Axis I  Mood Disorder, Unspec (296.90)
Axis I  Polysubstance Dependence (304.80)
Axis II Antisocial Personality Disorder (301.7)

**Axis IV: Mild**
Problems related to:
        legal system/crime

**Axis V:**
Current GAF: 55 on 04/26/2019.

**Treatment Plan**
This is the initial plan.

**Interpretive Summary:**

Exhibit #2

# Michigan Department of Corrections
## Clinical Encounter

| | | | | |
|---|---|---|---|---|
| Offender Name: Pinkard, Christopher Erik | | | Off #: | 0466763 |
| Date of Birth: 08/13/1985 | Sex: | M | Facility: | SMT |
| Encounter Date: 04/19/2022 14:58 | Provider: | Huff, Corey [CH13] RN | Unit: | 10 |

Nursing Note encounter performed at Clinic.

**SUBJECTIVE:**

COMPLAINT 1      Provider: Huff, Corey [CH13] RN

Chief Complaint: Other Problem

Subjective: "I have a allergy to wool. I need a cotton blanket."

**Pain Location:**

Pain Scale:

Pain Qualities:

History of Trauma:

Onset:

Duration:

Exacerbating Factors:

Relieving Factors:

Comments:

**OBJECTIVE:**

**Exam:**

**ASSESSMENT:**

Other

Inmate presents to clinic with a document stating a wool allergy causing breathing difficulties. Inmate is requesting a wool blanket. MD Sudhir spoke with inmate and gave him a detail to two cotton blankets at this time. Will re assess need for wool blanket at an upcoming appointment.

Inmate currently alert and oriented, calm and cooperative, walks with steady gait, eupnic respirations, denies chest pain, speech clear, good eye contact, denies SI, HI, AVH. Staff will continue to monitor.

**PLAN:**

**Disposition:**

Education Provided

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 04/19/2022 | Counseling | Access to Care | Huff, Corey | Verbalizes Understanding |

**Co-Pay Required:** No      **Cosign Required:** No

**Telephone/Verbal Order:** No

**Standing Order:** No

Completed by Huff, Corey [CH13] RN on 04/19/2022 15:02

Generated 04/19/2022 15:02 by Huff, Corey [CH13] RN      MDOC - SMT      Page 1 of 1

Exhibit #3

# Michigan Department of Corrections
## Medical Detail Special Accommodations

Off #: 0466763        Offender Name: Pinkard, Christopher Erik

__ No Work                                    Exp. Date: _____
__ Lay In                                     Exp. Date: _____

**X** No Restrictions

**X** No Restrictions

| Equipment | Start Date | End Date | Return Date |
|---|---|---|---|
| Brace - AR | 02/10/2020 | | |
| Extra S... | 02/10/2020 | 03/29/2021 | |

D...d indication.

**Comments:** MORNING AND NIGHT MEDLINE.

EXTRA COTTON SHEET (TWO TOTAL)

04/19/2022
Date

Offender Name: **Pinkard, Christopher Erik**    Off #: **0466763**    Lock: **10:3030:Bot:03**

*ALL EXPIRATION DATES ARE AT 24:00*

Note:
No cotton blanket
Detail by either
RN Huff or
MD Sudhir.

x Christopher Pinkard

Note:
However there is
a end date for
extra sheets, but
no Detail for wool
allergy/cotton
Blanket as
stated in
Exhibit #2

x Christopher Pinkard

Exhibit #4

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I 4/21/2022    Grievance Identifier: S M T 2 0 2 2 0 4 0 4 7 4 2 8 C

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Christopher Pidkard | 466763 | SMT | 10-3-30 | 4-19-22 | 4-20-22 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? On April 8, of
If none, explain why. 2022 I spoke with RN Huff who said he would note my issue and forward it to a MD provider which he did and I was called out on April 19, of 2022 and was denied my medical needs. Therefore the issue was not resolve.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. On April 19, of 2022 I was called out by healthcare RN Huff on a follow up to see MD Sudhir who was given my medical assessment sheet which clearly stated my illnesses and allergies provided by the Michigan Department of Corrections. However MD. Sudhir based on deliberate indifference to grievants health and safety by her reckless disregard for established P.D. 04.06.160 (E) denied me and also violated P.D. 03.03.130 (H) (K) (3/4) (L) by subjecting me to needless breathing difficulties as well as inability to sleep and non stop scratching and eye rubbing. Official MD. Sudhir violated the constitution when she ignored a condition that is sure or very likely to cause serious illness and needless suffering or worse, death by breathing complications, having full knowledge of my health conditions presented in black and white by Michigan Department of Corrections- Bureau of Health Care Services Dated 5/13/2019 Treatment Plan/Review. I seek protection from staff and staff corruption and immediately termination of MD. Sudhir for dereliction of duty and for knowledgeably inflicting needless pain and suffering as well as mental abuse.

#466763
Grievant's Signature

RESPONSE (Grievant Interviewed?  ☐ Yes  ☒ No    If No, give explanation.  If resolved, explain resolution.)

*The Step I Grievance Office staff have carefully examined the content of your Step I grievance. Your grievance is being returned to you without processing for the reason that you are in violation of PD-03.02.130 paragraph J, in part states that you must limit your grievance to one (1) issue per grievance. The grievant begins discussing one issue but then doesn't stay on topic. In fact, it appears that he is discussing three separate issues, It is unclear as to what EXACTLY the issue is he is grieving. Therefore the grievance is REJECTED at STEP I for multiple issues. The grievance number has been changed from SMT-2022-04-0474-12D3 to SMT-2022-04-0474-28C when referencing this grievance use the new identifier number.*

| | | | |
|---|---|---|---|
| Respondent's Signature | Date 4/29/2022 | Reviewer's Signature | Date 5/3/22 |
| Respondent's Name (Print) R. Ryder | Working Title CRN | Reviewer's Name (Print) | Working Title |

| Date Returned to Grievant: 5/5/22 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION:   White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

**Exhibit # 5**

# Prisoner Notice of Rejections Draft CSJ-247RJ

You have submitted a grievance that has been rejected pursuant to PD 03.02.130, "Prisoner/Parolee Grievances". This is an attempt to redirect you to properly file and avoid being placed on Modified Access (MA). PD 03.02.130, "Prisoner/Parolee Grievances" is available in the law library.

**REASONS FOR REJECTION (PD 03.02.130, Paragraph J)** - Prisoners and parolees are required to file grievances in a responsible manner. A grievance shall be rejected by the Grievance Coordinator (GC) if:

1. It is vague, illegible, or contains multiple unrelated issues.
2. It raises issues that are duplicative of those raised in another grievance filed by the grievant.
3. The grievant is on modified access pursuant to Paragraphs JJ through NN and has filed a grievance in violation of those paragraphs.
4. The grievant did not attempt to resolve the issue with the staff member involved prior to filing the grievance unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of Internal Affairs in the Office of Executive Affairs.
5. The grievance is filed in an untimely manner. The grievance shall not be rejected if there is a valid reason for the delay; e.g., transfer.
6. It contains profanity, threats of physical harm, or language that demeans the character, race, ethnicity, physical appearance, gender, religion, or national origin of any person, unless it is part of the description of the grieved behavior and is essential to it.
7. Two or more prisoners and/or parolees have jointly filed a single grievance regarding an issue of mutual impact or submit identical individual grievances regarding a given issue as an organized protest.
8. The prisoner is grieving content of the policy or procedure except as it was specifically applied to the grievant. If a prisoner has a concern with the content of a policy or procedure, s/he may direct comments to the Warden's Forum as provided in PD 04.01.150 "Prisoner Housing Unit Representatives/Warden's Forum."
9. The prisoner is grieving a decision made in a Class I misconduct hearing or other hearings conducted by Administrative Law Judges (ALJ's) employed by the Michigan Department of Licensing and Regulatory Affairs (LARA), including property disposition and issues directly related to the hearing process (e.g., sufficiency of witness statements; timeliness of misconduct review; timeliness of hearing). Prisoners are provided an appeal process for Class I decisions pursuant to PD 03.03.105 "Prisoner Discipline."
10. The prisoner is grieving a decision made by the Parole Board to grant, deny, rescind, amend or revoke parole, or not to proceed with a lifer interview or a public hearing. This includes grieving the tools (scoring weights and ranges) utilized in developing guideline scores. However, a prisoner may challenge the calculation of his/her parole guideline score, including the accuracy of the information used in calculating the score by filing a grievance.
11. The prisoner is grieving a decision made in a Class II or Class III misconduct hearing, including property disposition, and issues directly related to the hearing process (e.g., sufficiency of witness statements, timeliness of misconduct review, timeliness of hearing). Class II and Class III decisions may be appealed pursuant to PD 03.03.105 "Prisoner Discipline".
12. The prisoner is grieving issues not within the authority of the Department to resolve (e.g., disputes between a prisoner and an MDOC contractor, etc.). The grievant shall be told who to contact in order to attempt to resolve the issue, if known.
13. The prisoner is grieving the result of a Risk Assessment Instrument (e.g., COMPAS) or Transition Accountability Plan (TAP). However, a prisoner may challenge the accuracy of the information used in assessments, including in the TAP.
14. The prisoner is seeking reimbursement for property loss or damage that must be submitted pursuant to PD 03.02.131 "Prisoner State Administrative Board Property Claims."

**Please note that:**
- If you continue to file grievances that are rejected, you may be placed on "Modified Access" (MA) pursuant to the policy.
- Modified Access (MA) is not a punitive action, but an attempt to educate you to the process of properly filing.
- While you are on MA you must request a grievance form from your GC who will provide the form if your grievance is not rejectable pursuant to policy.
- While on MA, grievances may be submitted regarding alleged violations of policy or procedure or alleged unsatisfactory conditions of confinement which directly affect you, including alleged violations of PD 03.02.130 and its related procedure.
  - Grievances must contain only one grievable issue per CSJ-247A form and must be summarized on the form.
  - Include details (when/where/how) of your attempt to resolve with the proper staff.
  - Include details of what you are grieving (who/what/where/when), and the resolution you seek.
  - Be brief and to the point. Avoid extraneous information and use forms properly.
- Grievances submitted that do not violate PD 03.02.130 will be processed as usual, however, if you further violate PD 03.02.130 you are subject to extensions of your Modified Access status.
- **YOUR MODIFIED ACCESS STATUS MAY NOT BE GRIEVED.**

| Date | | PrisonerID | Prisoner Name |
|------|--|-----------|---------------|
| 4/21/2022 | SMT2022447428C | 466763 | PINKARD, CHRISTOPHER |
| 30-3-10  SMT | Responder:  RYDER,T | | Date Returned  5/5/2022 |

Exhibit # 6

**Michigan Department of Corrections**
**FIRST STEP GRIEVANCE RECEIPT**

**DATE:** 4/21/2022

**TO:** PINKARD, CHRISTOPH  466763     **LOCATION:** SMT    30-3-10

**FROM:** Grievance Coordinator: RYDER, T

**SUBJECT:** Receipt for Step I Grievance

**Grievance Identifier:**    SMT   /   2022 /   04 / 0474   / 12D3

**Issue:** Physician services - Quality of treatment

**Received:**   4/21/2022

**Date Due:**   5/12/2022

Your Step I grievance was received as indicated above. You should receive a response no later than the due date listed above. If you have not received a response by this date and have not agreed to an extension, you may submit a written request for an appeal form to this office. You will need to note, on your request, the grievance identifier as listed above.

Exhibit #7

MICHIGAN DEPARTMENT OF CORRECTIONS                                                    CSJ-247B
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

| Date Received by Grievance Coordinator | | Grievance Identifier: | S M T 2 0 2 2 0 4 0 4 7 4 2 8 C |
|---|---|---|---|

C/O GRIEV. COORD.
'22 NOV 18 AM 8:37   5/18/2022

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: ___**SMT**___
___**Grievance Office**___ By _5/25/2022_

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| PINKARD, CHRISTOPHER | 466763 | SMT | 30-3-10 | 04-19-2022 | 05-17-22 |

**STEP II** — Reason for Appeal Policy being violated when administration and healthcare MD. Sudhir denied me my medical accommodation presented and also provided by the Michigan Department of Corrections Bureau of Health Care Services dated back to May of 2019. RN Huff tried to assist me in getting the help I needed however I was denied with the proofs by both administration and MD Sudhir of Healthcare. I I still have not been seen for my physical condition as stated by MD.Sudhir in early April, however I can not be labeled a no show when I was force to isolation by administration for close contact. Therefore my needs remain unresolved and attend to as it' states it should in policy.

| **STEP II** — Response | Date Received by Step II Respondent: |
|---|---|
| | 5/19/2022 |

### *See Attached Response*

| D. Shaver | *Dave Shaver, Warden* | 6/2/2022 | Date Returned to Grievant: |
|---|---|---|---|
| Respondent's Name (Print) | Respondent's Signature | Date | 6/3/2022 |

**STEP III** — Reason for Appeal  Grievant is still being denied his medical accommodation by MD. Sudhir with administration at SMT and healthcare being aware of my conditions. As well as paperwork being presented by myself and RN Huff to MD. Sudhir and SMT administration who continue to deny me my medical needs and accommodations. I'm suffering from breathing issues, non stop rubbing of my eyes and scratching, lack of sleep which results in avaidable needless suffering by SMT administration and MD. Sudhir of Healthcare services.

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION:  White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

Exhibit #8

**Michigan Department of Corrections**
**GRIEVANCE APPEAL RECEIPT STEP II**

DATE:        5/18/2022

TO:        PINKARD, CHRISTOPH  466763        LOCATION:   SMT        30-3-10

FROM:     Grievance Coordinator:  RYDER, T

SUBJECT:    Receipt of the Grievance Appeal Form

I acknowledge receipt of your Step II grievance appeal, identifier   SMT  /  2022  /  04  /  0474   /  28C
which was received in this office on        5/18/2022

Unless you are otherwise notified you should be provided a Step II response within 15 business days of the
date your appeal was received or no later than        6/8/2022

If you have not received a response by this date or are notified of an extension, you may submit your step III
appeal  to the Directors office.

Exhibit #9

# Michigan Department of Corrections
## Clinical Encounter - Administrative Note

| | | | | | |
|---|---|---|---|---|---|
| Offender Name: | Pinkard, Christopher Erik | | | Off #: | 0466763 |
| Date of Birth: | 08/13/1985 | Sex: | M | Facility: | SMT |
| Note Date: | 05/28/2022 13:03 | Provider: | Sudhir, Bhamini [BS13] | Unit: | 10 |

MP RNR encounter performed at Clinic.

**Barriers to Communication:** None

**Administrative Notes:**

    ADMINISTRATIVE NOTE  1        Provider:  Sudhir, Bhamini [BS13] MD

        Patient scheduled to f/u per RNR for migraine.
        Patient walks in and he doesn't want to be evaluated by this MP, he states that 'you kicked me out of the
        clinic', he states that he has grievance on me already. Per patient RN Huff brought him to me and I refused to
        see him as he was a 'no show'.
         RN Huff has noted that patient wanted cotton blanket and that I have given 2 cotton blankets,  since he had
        an upcoming appointment I haven't given him any detail, I don't recollect any incidence he is mentioning.
        Last 'no show' has been documented by me and rescheduled today's appointment by me.
        I told the patient to sign ROR and he refused.
        RCA Donnelly and RN Ross.
        RCA Donnelly and I have signed the ROR.

        Patient has an appt in August for CCC, added his current appt issue to the CCC scheduled visit.

**Co-Pay Required:**        No        **Cosign Required:**  No

**Telephone/Verbal Order:**  No

**Standing Order:**      No

Completed by Sudhir, Bhamini [BS13] MD on 05/28/2022 14:09

Exhibit #10

# Step II Grievance Appeal Response      SMT 22 04 0474 28C

**Name:** Pinkard      **Number:** 466763      **Lock:** 30-3-10      SMT

Your Step I Grievance, the response, and your reason for appeal have been reviewed.

**Conclusion:**

The Step I response has been reviewed by the Warden's Office in accordance with PD 03.02.130 "Prisoner/Parolee Grievances", and the response is considered **Upheld** at Step II.

_____      _____

D. Shaver, Warden                        Date

Exhibit #11

CSJ-4248  5/09
CSJ-247B

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

| Date Received by Grievance Coordinator | Grievance Identifier: | S M T 2 0 2 2 0 4 0 4 7 4 2 8 C |
|---|---|---|
| *5/18/2022* | | |

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED MDOC
JUN 14 2022
Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: **SMT**
__Grievance Office__ By _5/25/2022_

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| **PINKARD, CHRISTOPHER** | **466763** | **SMT** | **30-3-10** | 04-19-2022 | 05-17-22 |

**STEP II — Reason for Appeal** Policy being violated when administration and healthcare MD.Sudhir denied me my medical accommodation presented and also provided by the Michigan Department of Corrections Bureau of Health Care Services dated back to May of 2019. RN Huff tried to assist me in getting the help I needed however I was denied with the proofs by both administration and MD Sudhir of Healthcare. I I still have not been seen for my physical condition as stated by MD.Sudhir in early April, however I can not be labeled a no show when I was force to isolation by administration for close contact. Therefore my needs remain unresolved and attend to as it states it should in policy.

**STEP II — Response**

Date Received by Step II Respondent:
**5/19/2022**

*See Attached Response*

| | Date Returned to Grievant: |
|---|---|
| **D. Shaver** *Dave Shaver, Warden* 6/2/2022 | **6/3/2022** |
| Respondent's Name (Print)  Respondent's Signature  Date | |

**STEP III — Reason for Appeal** Grievant is still being denied his medical accommodation by MD. Sudhir with administration at SMT and healthcare being aware of my conditions. As well as paperwork being presented by myself and RN Huff to MD. Sudhir and SMT administration who continue to deny me my medical needs and accommodations. I'm suffering from breathing issues, non stop rubbing of my eyes and scratching, lack of sleep which results in avoidable needless suffering by SMT administration and MD. Sudhir of Healthcare services.

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III — Director's Response is attached as a separate sheet.**

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

Ex hibit # 12

30-3-10



# STATE OF MICHIGAN
## DEPARTMENT OF CORRECTION
### LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

## STEP III GRIEVANCE DECISION

Rec #: 135790

28C

~~For Prisoner: Parkard #: ~~

~~Current Facility: SMT~~

**Grievance Identifier:** SMT-22-04-0474-28C

**Step III Received:** 6/14/2022

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

## THE REJECTION IS UPHELD.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT. JUL 0 7 2022

**Richard D. Russell, Manager Grievance Section, Office of Legal Affairs**

CC: Warden, Current Facility:
    Warden, Grieved Facility: S MT

Christopher Pinkard #466763
Parnall Correctional Facility
1780 E. Parnall Rd.
Jackson, Michigan 49201





United States District Court
    Clerk's Office
Federal Building and U.S. Courthouse
 600 Church Street, Room 140
Flint, MI 48502

RECEIVED
AUG 10 2022
CLERK'S OFFICE
U.S. DISTRICT COURT

RECEIVED
AUG 08 2022
U.S. DISTRICT COURT
FLINT, MICHIGAN